IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CLINT JEROME LANGLEY**                                                    **PLAINTIFF**

V.                                    **CASE NO. 5:19-CV-05029**

**DETECTIVE ALEX WALLACE;
SERGEANT HENRY BROCKMEYER;
SHERIFF SHAWN HOLLOWAY;
CAPTAIN JEREMY GUYLL;
LIEUTENANT REBECCA HOLT;
DR. BLAIR HOUSTON;
JUDGE ROBIN GREEN;
and JAY SAXTON**                                                            **DEFENDANTS**

## OPINION AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on February 13, 2019. At the time, he was incarcerated in the Benton County Jail and Sheriff's Office awaiting trial on pending criminal charges. He is currently committed to the custody of the Arkansas Department of Human Services ("DHS").[1] Plaintiff was directed to file a completed *in forma pauperis* application, which he did on March 4, 2019. In his Complaint, Plaintiff alleges several violations of his

---

[1] Plaintiff's pending state criminal case is *State v. Langley*, Case No. 04CR-18-0608-1 (Benton County Div. I). Plaintiff was found unfit to stand trial, and an order committing him to the custody of the Arkansas Department of Human Services was entered on January 28, 2019. Arkansas Court Connect, last accessed Apr. 15, 2019.

1

constitutional rights. According to Plaintiff, Judge Green, Public Defender Saxton, Captain Guyll, and Lieutenant Holt violated his First Amendment rights from March 26, 2018, through the time he filed his Complaint. He claims that Public Defender Saxton and Judge Green denied his request for a second opinion on January 2, 2019 and defamed his character.[2] (Doc. 1 at 5). Plaintiff further alleges that Captain Guyll and Lieutenant Holt deprived him of his right to practice a religious diet. *Id.* at 8. He does not identify either the religion or the diet at issue in his Complaint.

Plaintiff also alleges that Detective Wallace violated his Fourth Amendment rights on March 26, 2018, by providing "a false material statement" in an affidavit to a judge, which resulted in a warrant executed by the Centerton SWAT team that defamed his character. *Id.* at 6. He contends his Fifth Amendment rights were violated from March 26, 2018, through the time he filed his Complaint by Detective Wallace, Sergeant Brockmeyer, and Public Defender Saxton. Detective Wallace supposedly conspired with Sergeant Brockmeyer by "providing false material statements on their police reports which led to [Plaintiff's] indictment." *Id.* at 7. And Saxton, Plaintiff's lawyer, supposedly accepted those statements as fact.

Next, Plaintiff alleges that his Sixth Amendment rights were violated from March 26, 2018, through the time he filed his Complaint by Judge Green, Public Defender Saxton, and psychologist Blair Houston. He maintains that Saxton refused to provide him with effective assistance of counsel, withheld evidence, and tried to coerce him to plead

---

[2] Based on allegations in his Complaint, combined with Plaintiff's state court docket, Plaintiff appears to be referring to a second opinion on a psychological evaluation of himself that was conducted by Dr. Blair Houston, which resulted in a determination that he was unfit to stand trial.

2

guilty. Saxton also "hushed" him in court proceedings, tried to make him appear incompetent, and ordered a psychological evaluation for him. *Id.* at 11. Dr. Houston allegedly conspired with Saxton. Judge Green allegedly conspired with both Houston and Saxton and refused to suppress the psychological evaluation results and permit Plaintiff to seek a second opinion.

As for Plaintiff's Eighth Amendment rights, he claims Judge Green denied him a bond reduction; and Sheriff Holloway and Captain Guyll made him drink water daily from a drinking fountain located in a public restroom and placed him in a cell of approximately 78 square feet with two other inmates, where he had to stay for 24-48 hours at a time and sleep 8-12 inches from the toilet.

Finally, Plaintiff contends that his Ninth Amendment rights were violated in the jail when Sheriff Holloway, Captain Guyll, and Lieutenant Holt denied him an initial phone call on March 26, 2018, and refused to issue him an inmate ID number for a week. The lack of ID prevented him from utilizing the inmate kiosk grievance system. He also complains that the jail washes and reuses single-use eating utensils and does not serve hot meals sufficiently hot and cold meals sufficiently cold. Plaintiff also accuses staff of not being familiar with jail policies and of using profane language.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

3

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Claims Against Circuit Judge Robin Green

Judge Green, a Benton County Circuit Judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and, (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the Complaint that neither situation applies here. Plaintiff's claims against Judge Green are subject to dismissal.

### B. Claims Against Public Defender Jay Saxton

Plaintiff's claim of inadequate legal assistance against Saxton, a public defender, is subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983). Plaintiff's claims against Defendant Saxton are subject to dismissal.

### C. Claims Against Psychologist Blair Houston

The Complaint does not allege that Defendant Dr. Blair Houston is a state actor or employee, or that Dr. Houston is someone who acted "under color of" law to deprive Plaintiff of a constitutional right. The Complaint states only that this Defendant is a psychologist employed by Ozark Guidance Center who performed a psychological evaluation on Plaintiff at his attorney's request during the course of state criminal proceedings. Accordingly, the Complaint fails to plausibly assert that Dr. Houston is a "person" subject to suit under Section 1983, and all claims against her are dismissed.

### D. Official Capacity Claims

Plaintiff fails to state any cognizable official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of

Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S. Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff fails to identify any custom or policy of Benton County which violated his rights; therefore, he fails to state any cognizable official capacity claims.

### E. Claims Related to the Pending State Criminal Case

Plaintiff raises a variety of claims regarding alleged wrongdoing committed by Detective Wallace and Sergeant Brockmeyer in connection with the investigation and trial of Plaintiff's criminal case. To the extent Plaintiff brings cognizable constitutional claims under Section 1983 against these two Defendants, this Court must abstain from hearing any of these claims until the pending criminal trial is fully resolved. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and

6

constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (Section § 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id.* at 730. Because Plaintiff seeks only monetary damages, it is appropriate to stay Plaintiff's claims against Defendants Wallace and Brockmeyer until his state case has concluded.

### F. Religious Diet

Plaintiff alleges he was denied a religious diet. He does not, however, provide any information as to what religious diet he requested or what was objectionable about the

7

diet he was provided. Such vague allegations cannot support a claim of constitutional dimension. See *Martin*, 780 F.2d at 1337 (finding that even a *pro se* plaintiff must allege specific facts sufficient to support a claim).

### G. Conditions of Confinement

Plaintiff alleges claims regarding the conditions of his confinement, including being forced to drink from a water fountain in a public restroom, to stay a cell with two other inmates for 24-48 hours per day, and to sleep 8-13 inches from a toilet. He also alleges that the jail cleans and reuses single-use eating utensils, and that hot food was served cold while cold food was served warm. Plaintiff fails to state any cognizable conditions of confinement claims.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing

*Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id.* The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus,* 435 U.S. 247, 253-55 (1978)).

Here, Plaintiff seeks only monetary compensation and fails to allege that he suffered any injury resulting from any of the alleged conditions; therefore, he fails to state any cognizable conditions of confinement claims.

### H. One-Week Delay of Access to Grievance Process

Plaintiff alleges he was denied an inmate ID for a week, which prevented him from using the inmate kiosk system to file grievances for that week. This allegation fails to state a cognizable claim. An inmate has no constitutional right to a grievance procedure. *Buckley v. Barlow,* 997 F.3d 494, 495 (8th Cir. 1993) (holding prison grievance process is a procedural right only, and as such "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v.*

9

*Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). As there is no constitutional right to a grievance procedure, Plaintiff fails to state any cognizable claims based on the alleged one-week delay of access to the grievance process at the Benton County Jail.

### I. Staff Unfamiliar with Jail Policies

Plaintiff's allegation that jail staff were unfamiliar with jail policies fails to state a cognizable claim. An internal jail policy or procedure does not create a constitutional right, nor does the failure to follow such a regulation rise to the level of a § 1983 claim. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

### J. Profane Language by Staff

Plaintiff's allegation that jail staff used profane language fails to state a cognizable claim. Clearly, "[v]erbal threats do not constitute a constitutional violation." *Martin*, 780 F.2d at 1339. Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-39 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

### K. Defamation

Plaintiff's claims that various Defendants defamed his character are not actionable under § 1983. *See Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981) ("[D]efamation, per se, is not actionable under section 1983."). "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (citations omitted). *See also Waller v. Rice*, 2015 WL 2227799, at *2 (W.D. Ark. May 12, 2015) ("Slander is not a cognizable claim under section 1983.").

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's constitutional claims brought against Defendants Brockmeyer and Wallace concerning Plaintiff's pending state criminal trial are **STAYED** and **ADMINISTRATIVELY TERMINATED** pending the resolution of the state criminal case. Plaintiff will have thirty (30) days after the final resolution of his pending criminal case to file a motion to reopen this case and reassert those claims.

All of Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, frivolousness, or because defendants named in the claims are immune from suit. 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED** on this 24th day of April, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE